AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)                    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
### for the

Southern   District of   Indiana

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No:   2:24CR00003-001 |
| Thomas Jamerson | ) |
| | ) USM No:   01109-511 |
| Date of Original Judgment:   1/30/2025 | ) |
| Date of Previous Amended Judgment: | ) Harold Samuel Ansell (former) |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of   ☒ the defendant   ☐ the Director of the Bureau of Prisons   ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☒ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated   01/30/2025   shall remain in effect.
**IT IS SO ORDERED**.

Order Date:   04/20/2026

*Judge's signature*

Effective Date: _____                    Honorable Jane Magnus-Stinson, U.S. District Court Judge
*(if different from order date)*                    *Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:24-cr-00003-JMS-CMM |
| | ) | |
| | ) | |
| THOMAS JAMERSON (01), | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR REDUCTION OF SENTENCE

Defendant Thomas Jamerson (01) has filed a Motion for Reduction of Sentence under Amendment 821 to the United States Sentencing Guidelines. [Filing No. 49.] The Motion is now ripe for the Court's review.

### I.
### BACKGROUND

In February 2024, Mr. Jamerson was charged with one count of Possession with Intent to Distribute 5 Grams or More of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), one count of Possession with Intent to Distribute Methamphetamine on Premises Where Children are Present or Reside, in violation of 21 U.S.C. § 860a, one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1), and one count of Unlawful Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). [Filing No. 1.] On January 29, 2025, Mr. Jamerson pled guilty to Possession with Intent to Distribute 5 Grams or More of Methamphetamine, Possession with Intent to Distribute Methamphetamine on Premises Where Children are Present or Reside, and Unlawful Possession of a Firearm by a Convicted

1

Felon.  [Filing No. 42 at 1.]  The Government dismissed the remaining count.  [Filing No. 42 at 5.]

At sentencing, the Court calculated Mr. Jamerson's offense level at 31, with 24 criminal history points but with a one-level enhancement for committing the offense underlying this case while on parole in one state court case and probation in another.  [*See* Filing No. 37 at 7-22; Filing No. 44.]  His offense level placed him in criminal history category VI, resulting in a guideline range of 188 to 235 months' imprisonment.  [Filing No. 37 at 22; Filing No. 37 at 30.]  The Court sentenced Mr. Jamerson to a below-guidelines term of 144 months' imprisonment.  [Filing No. 43 at 2.]

Mr. Jamerson now argues in his Motion for Reduction of Sentence that he is eligible for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines, under various other Amendments to the Sentencing Guidelines, and because he received an unusually long sentence.  [Filing No. 49.][1]  The Government opposes Mr. Jamerson's Motion for Reduction of Sentence, [Filing No. 56], Mr. Jamerson did not file a reply, and the Motion is now ripe for the Court's review.

## II.
### DISCUSSION

### A.        Application of Amendment 821

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2), if the defendant's sentence is based on a guideline range that, after the defendant's sentencing, was lowered by an act of the United States Sentencing Commission.  In determining

---

[1] The Court appointed the Indiana Federal Community Defender to represent Mr. Jamerson, [Filing No. 50], and counsel appeared but was later granted leave to withdraw, [Filing No. 51; Filing No. 53].  Mr. Jamerson was afforded an opportunity to supplement his Motion for Reduction of Sentence, [Filing No. 54], but he did not do so.

whether a defendant is eligible for such relief, district courts employ a two-step analysis. *See Dillon v. United States*, 560 U.S. 817, 826 (2010). At step one, the Court determines whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G § 1B1.10. *Id.* at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable factors under 18 U.S.C. § 3553(a) and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.* at 827.

1.    *Step One Analysis*

As to the step one analysis under *Dillon*, the Court agrees with the Government that Mr. Jamerson is not eligible for resentencing as his original Guidelines range already took into account Amendment 821. Specifically, Part A of Amendment 821 provides: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e). Mr. Jamerson had a criminal history score of 24 and, he received one status point for committing the offense underlying this case while on parole and probation in two state court cases, which resulted in 25 criminal history points and was consistent with Amendment 821. [*See* Filing No. 37 at 22.] Mr. Jamerson was in criminal history category VI, which applies when a defendant has 13 or more criminal history points. U.S.S.G. Ch. 5, Pt. A. Amendment 821 did not change Mr. Jamerson's guideline range, so Part A of Amendment 821 does not provide Mr. Jamerson with an avenue for a sentence reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not

3

consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if…[a]n amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").

Part B to Amendment 821 provides a two-offense level reduction for many offenders who have zero criminal history points (subject to several exceptions). In pertinent part, the adjustment applies if "the defendant did not receive any criminal history points from Chapter Four, Part A." U.S.S.G. § 4C1.1(a)(1). Mr. Jamerson received 24 criminal history points, [*see* Filing No. 37 at 22], so is not eligible for a sentence reduction under Part B of Amendment 821.

In short, Mr. Jamerson is not entitled to resentencing under either U.S.S.G. § 4A1.1(e) or § 4C1.1(a)(1). Given this finding, the Court need not proceed to the step two analysis and Mr. Jamerson's Motion for Reduction of Sentence is **DENIED** to the extent that he seeks a sentence reduction under Amendment 821. [Filing No. 49.]

### B. Other Amendments to the Sentencing Guidelines

In his Motion for Reduction of Sentence, Mr. Jamerson lists other amendments to the Sentencing Guidelines, including "827, 782, 711, 706, 750, 794, 798, [and] 921." [Filing No. 49 at 1.] Mr. Jamerson has not provided any detail whatsoever regarding his arguments under these additional provisions, so those arguments are waived. *See M.G. Skinner & Assocs. Ins. Agency, Inc. v. Normal-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.").

But, in any event, these Amendments – to the extent they exist – are unrelated to Mr. Jamerson's argument under Amendment 821, are not properly brought in a motion for reduction of sentence under Amendment 821, and must be brought through a direct appeal or a motion brought pursuant to 28 U.S.C. § 2255. *See United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021) (a

defendant must raise any challenge to his original sentence in a direct appeal or collaterally through 28 U.S.C. § 2255.").  Mr. Jamerson is not entitled to relief through his Motion for Reduction of Sentence based on these additional amendments.

### C.  Unusually Long Sentence

Finally, Mr. Jamerson states that he "received a[n] unusually long sentence."  [Filing No. 49 at 1.]  Again, he does not provide any specific argument regarding his statement so any argument is waived.  *M.G. Skinner & Assocs. Ins. Agency, Inc.*, 845 F.3d at 321.  Further, any argument that Mr. Jamerson received an unusually long sentence is not properly brought in a motion for reduction of sentence, but rather must be raised in a motion for compassionate release under U.S.S.G. § 1B1.13(b)(6).  Mr. Jamerson's assertion that he received an unusually long sentence does not entitle him to relief under Amendment 821.

In sum, Mr. Jamerson's Motion for Reduction of Sentence is **DENIED** because he already received the benefit of Amendment 821 at sentencing, he has waived his additional arguments, and the other grounds that he raises are not properly brought through his Motion for Reduction of Sentence in any event.

### III.
#### CONCLUSION

For the foregoing reasons, Mr. Jamerson's Motion for Reduction of Sentence under Amendment 821, [49], is **DENIED**.

Date: 4/20/2026

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

5

**<u>Distribution via ECF to all counsel of record</u>**

**<u>Distribution via United States Mail to:</u>**

Thomas Jamerson
#01109-511
FCI Terre Haute
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808